IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO LAMAR COCHRAN, | § | |
|     Movant, | § | |
| | § | |
| v. | § | No. 3:21-cv-02098-G (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Antonio Lamar Cochran, a Texas state prisoner, filed two *pro se* "Motion(s) for Protective Order" asking the Court for a stay of proceedings. ECF Nos. 3, 5. He also filed a motion seeking the appointment of counsel to assist him. ECF No. 6. For the following reasons, Cochran's motions should be dismissed because the Court lacks jurisdiction to consider his request for a stay or, in the alternative, denied.

**Background**

Cochran is serving a life sentence for the brutal murder of 18-year old Zoe Hastings in 2015. *State of Texas v. Antonio Lamar Cochran*, Case No. F1576529-H. The Fifth District Court of Appeals affirmed his conviction, *Cochran v. State*, No. 05-18-00118-CR, 2019 WL 7288742 (Tex. App.—Dallas Dec. 30, 2019, pet. ref'd), and the Texas Court of Criminal Appeals (CCA) refused discretionary review. *See Cochran v. State*, No. PD-0089-20. Cochran has not sought state habeas review. However, he has pursued DNA testing in state court, and in June 2021, the trial court appointed counsel under Article

1

64.01(c) of the Texas Code of Criminal Procedure.¹ Resp. Ex. A 2-7 (ECF No. 18-1).

Cochran initiated this civil action on August 26, 2021 by filing a *pro se* motion asking the Court to grant him a stay until his anticipated claims, including his DNA claim, can be fully adjudicated on the merits in state court. ECF Nos. 3; *see also* ECF No. 5. Respondent argues that Cochran's motions for a stay should be denied because he has yet to file a federal habeas petition. ECF No. 18.

## Legal Standards and Analysis

A.  <u>The Court should dismiss this matter because the Court lacks jurisdiction to consider Cochran's request for a stay.</u>

Under Article III of the Constitution, the judicial power of the federal courts is limited to "cases" or "controversies." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). The exercise of federal jurisdiction under the Constitution therefore "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States Nat'l Bank v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (quotation marks and bracket omitted). A federal district court lacks jurisdiction over a matter that presents no case or controversy and would result in the rendering of an advisory opinion. *See United States v. Bautista*, 548 F.

---

¹ Respondent represented to the Court that, as of December 20, 2021, Cochran had not yet filed a formal motion for DNA testing, nor had the trial court ordered any testing. Resp. 8 (ECF No. 18). But the trial court had provided Cochran's appointed counsel with funding for an expert to assist in evaluating his case. *Id.* n.1.

App'x 254 (5th Cir. 2013) (per curiam) ("The district court lacked jurisdiction to entertain [the] motion for extension of time to file a § 2255 motion.") (citing *United States v. Leon,* 203 F.3d 162, 163 (2d Cir. 2000)); *United States v. McFarland,* 125 F. App'x 573 (5th Cir. 2005) (per curiam) ("[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.") (quoting *Leon,* 203 F.3d at 163); *United States v. Shipman,* 61 F. App'x 919 (5th Cir. 2003) (per curiam) ("Before the petition itself is filed, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.") (internal quotation marks omitted).

    Cochran has not filed a federal habeas petition in this Court, and there is nothing for the Court to stay. *See McFarland,* 125 F. App'x at 574 ("Before the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'") (citing *Leon,* 203 F.3d at 163); *see also* Resp. 1 (ECF No. 9) (Cochran clarified his intentions in this Court by stating, "I wasn't filing an Habeas Corpus § 2254"). Indeed, this Court lacks jurisdiction to address Cochran's motions. *See Bautista,* 548 F. App'x at 254 (noting that in the context of a motion under 28 U.S.C. § 2255, a district court lacks the jurisdiction to entertain the movant's motion for an extension of time) (citing *Leon,* 203 F.3d at 163). Consequently, Cochran's pending motions should be dismissed for lack of jurisdiction.

B.  In the alternative, Cochran's motions should be denied.

The Supreme Court has interpreted 28 U.S.C. § 2254(b)(1) to require "total exhaustion" of a petitioner's claims in state court before presenting them in federal court. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). However, in *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court created an exception to *Lundy* in which the federal habeas court has the discretion to allow a "stay and abeyance" of federal proceedings to permit a petitioner to exhaust his claims. *Id.* at 277. *Rhines* held that a stay was appropriate only in limited circumstances where: (1) the petitioner had good cause for his failure to exhaust his claims first in state court; (2) his unexhausted claims are plainly meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78. When a court allows a stay under *Rhines*, it should analyze these factors on the record. *See Schillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008).

Here, Cochran has failed to demonstrate that his case meets the *Rhines* requirements, and for this reason, he is not entitled to a stay. First, Cochran has failed to show good cause for his failure to exhaust his claims in state court before filing in federal court. *See Rhines*, 544 U.S. at 277-78. Second, Cochran has not demonstrated that his unexhausted claims are plainly meritorious. *See id*. In fact, he fails to identify any of his anticipated claims, and he has not shown that he has a claim with potential merit. *See* ECF Nos. 3, 5. Cochran has not alleged any specific trial errors, and he has not demonstrated that DNA testing could assist with any of his potential claims. And to the extent Cochran intends

4

to assert a freestanding "actual innocence" claim before this Court if he obtains favorable DNA test results, such a claim is not a basis for federal habeas relief. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence.") (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993)); *see also Brown v. Vannoy*, 800 F. App'x 277, 278 (5th Cir. 2020) (citing *Kinsel v. Cain*, 647 F.3d 265, 270 n.20 (5th Cir. 2011) ("[A] freestanding claim of actual innocence does not state an independently cognizable ground for § 2254 relief.")). As to the third element, the Court is not aware of any dilatory litigation tactics at issue in this case. But Cochran must demonstrate all three requirements under *Rhines*, and at best, he has made a showing under only one. Accordingly, Cochran has failed to demonstrate that he can meet the *Rhines* requirements for a stay, and his motions seeking a stay of proceedings in this Court should be denied.

C.    Cochran is not entitled to appointed counsel.

Cochran also filed a motion for the appointment of counsel, purportedly under 28 U.S.C. § 1915(e)(1). Mot. (ECF No. 6). He argues that he cannot afford counsel to assist him, and the fact that he is incarcerated will significantly limit his ability to litigate. He further argues that the issues involved in this case are complex, and they will require significant research and investigation. But as an inmate, he has limited access to the library and has only limited knowledge of the law. He further contends that the prison law library where he is incarcerated

5

is outdated. Last, Cochran claims that he has made repeated efforts to obtain a lawyer to assist him with his case.

A petitioner has no right to the appointment of counsel in a habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (noting that there is no Constitutional right to counsel in habeas corpus proceedings). Rather, the appointment of counsel in a § 2254 case is required when the court determines that an evidentiary hearing is necessary, and the moving party qualifies under 18 U.S.C. § 3006A. Rule 8(c), Rules Governing § 2254 Cases; *see also Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir.2011) (per curiam) ("[A] § 2254 petitioner should [also] be appointed counsel when 'the interests of justice so require.'").

As discussed, Cochran has not filed a § 2254 petition. He therefore cannot demonstrate that he needs an attorney to assist him with his federal habeas case. Cochran is pursuing DNA testing in state court, and he has appointed counsel representing him there. For these reasons, Cochran's motion seeking the appointment of counsel is denied.

## Recommendation

For the reasons stated, the District Court should DISMISS or, in the alternative, DENY Cochran's motions seeking a stay of this case (ECF Nos. 3, 5). His motion for the appointment of counsel (ECF No. 6) is DENIED. Further, because the relief Cochran sought when he filed this action has been

addressed, it is appropriate for the Court to close this case and enter judgment.

Signed January 18, 2022.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).